NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

ANDREW POLITI,                          :        Civil Action No.: 10-04194 (FLW)
                                        :
                   Plaintiff,           :
                                        :
v.                                      :            **OPINION**
                                        :
PEOPLES MORTGAGE CORPORATION,  :
et. al.                                 :
                                        :
                                        :
                   Defendants.          :
_____   :


**WOLFSON, United States District Judge**:

        Presently before the Court are motions to dismiss by Defendants Select Portfolio

Servicing, Inc. ("SPS"), Credit Suisse Financial Corporation ("Credit Suisse"), and U.S. Bank

National Association, As Trustee On Behalf of the Adjustable Rate Mortgage Trust 2007-1,

Adjustable Rate Mortgage Backed Through Certificates, Series 2007-1 ("US Bank")(collectively

referred to as "Defendants") pursuant to Fed. R. Civ. P. 12(b)(6).[1]  Defendants seek to dismiss

Plaintiff Andrew Politi's ("Plaintiff") Four-Count Complaint stemming from a home mortgage

---

[1]        Importantly, the Court notes that while Defendant Saypol filed an Answer to Plaintiff's
Complaint,  People's Mortgage Corporation ("PMC") has not entered an appearance in this action
and the docket does not reflect whether PMC was timely served with the Complaint.  Indeed,
Saypol's Answer suggests that PMC is no longer a viable business and is no longer licensed in
the State of New Jersey.  Saypol Answer ¶ 2.  Thus, Plaintiff has ten (10) days from the date of this
Opinion and the accompanying Order to demonstrate that PMC was properly served with the
Complaint or face dismissal of this action against PMC for failure to prosecute.

transaction between Plaintiff and Defendants.  Each Defendant asserts the same basis for seeking

judgment on all counts.[2]  Specifically, Defendants claim that Plaintiff has failed to state any

claims for which relief may be granted.  For the reasons that follow, the Court will dismiss

Plaintiff's claims against all Defendants.

## I.     BACKGROUND

This action arises out of the refinancing of Plaintiff's mortgage loan.  At the time of the

transaction, Plaintiff owned real property located at 20 Central Avenue, East Brunswick, New

Jersey.  See Compl. at ¶ 1.  Defendant PMC is a mortgage broker or banker, licensed by the State

of New Jersey, that originates residential mortgage loans.  Id. at ¶ 2.  Saypol is a mortgage broker

and / or mortgage originator for PMC.  Id. at ¶ 3.  Credit Suisse is a mortgage broker or banker,

also licensed by the State of New Jersey to broker or originate residential home mortgage loans.

Id. at ¶ 4.  SPS is a company that services mortgage loans, and is the servicer of the loan on

Plaintiff's property.  US Bank is the trustee of the Adjustable Rate Mortgage Trust 2007-1 and

Adjustable Rate Mortgage Backed Pass through Certificates, Series 2007-1, and the current

owner of the residential mortgage loan on Plaintiff's property.

In October 2006, Plaintiff applied to Saypol and PMC for a loan to refinance his property.

Id. at ¶ 8.  Plaintiff requested a thirty-year fixed rate conventional mortgage.  Compl. at ¶ 9.

Saypol, however, allegedly advised Plaintiff to apply for a seven-year adjustable rate mortgage

loan with an interest-only payment.  Compl. at ¶ 10.  According to Plaintiff, Saypol additionally

---

[2]Defendant SPS filed its Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. of Civ. P. 12(b)(6) on August 17, 2010.  Shortly thereafter, on August 20, 2010, Defendants Credit Suisse and U.S. Bank filed a motion to join in as Defendants, incorporating SPS's statement of facts, procedural history and legal arguments.

stated that he would refinance Plaintiff's loan again prior to the first adjustment period which was to occur in the 7th year.  Compl. at ¶  15. Moreover, Plaintiff alleges that Saypol advised him to make "extra principle" payments each month.  With this information in mind, Plaintiff applied for the seven-year interest-only adjustable rate mortgage.  Compl. at ¶ 10.

At the time the refinance application was made, Plaintiff provided PMC with information concerning his monthly assets and liabilities.  Compl. at ¶ 13.  Defendants did not ask or independently request information regarding Plaintiff's income, asset amount, or bank account for purposes of verifying assets or monthly reserves to originate and underwrite the loan.  Compl. at ¶ 14.  On October 13, 2006, Plaintiff closed on the mortgage refinance loan.  Id. at ¶ 8.  At the time of closing, the final application reflected a loan payment amount that was almost identical to the amount of Plaintiff's previous loan payments.  Id. at ¶ 15.

Plaintiff filed the instant suit against Defendants on July 6, 2010 in the Superior Court of New Jersey, Chancery Division, Middlesex County.   In the Complaint, Plaintiff avers that Defendants committed fraud by inducing him to enter into the mortgage loan refinance transaction with terms that were different from those he originally desired.   The Complaint sets forth four (4) different causes of action including violations of: the federal Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq., the Federal Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, et. seq., and the New Jersey Consumer Fraud Act ("NJ CFA"), N.J.S.A. 56:8-1, et. seq., as well as a claim of common law fraud.  On or about August 16, 2010, Defendants timely removed the matter to this Court.

3

II.     **STANDARD OF REVIEW**

When reviewing a motion to dismiss, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)(citations and quotations omitted).  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard.  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no sets of facts in support of his claim which would entitle him to relief." Bell Atlantic Corp., 550 U.S. 561 (quoting Conley, 355 U.S. at 45-46).  Instead, the factual allegations set for in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.  As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus:  'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element'." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In affirming that the Twombly standards apply to all motions to dismiss, the Supreme Court explained the following principles.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009);  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d

Cir. 2009).  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 1950.  The plausibility standard requires that "the plaintiff plead […] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted lawfully."  Iqbal, 129 S.Ct. at 1249 (quoting Twombly, 550 U.S. at 556).  Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211.  In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents.  Pension Benefit Guar. Corp. v. White Consol. Indus., 98 F.2d 1192, 1196 (3d Cir. 1993).  Importantly "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.  Otherwise a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."  Id. (emphasis added).


III.     **DISCUSSION**

        The Court will begin by addressing a preliminary matter.   On September 20, 2010, Plaintiff submitted papers in Opposition to Defendants' Motion to Dismiss in which he asserted legal arguments that the Court will address in the present opinion.  However, Plaintiff's opposition papers also contain a "Statement of Undisputed Material Facts."   As discussed above, it is well-established that on a Rule 12(b)(6) motion to dismiss, the Court may consider only the facts alleged in the pleadings, undisputed documents alleged or referenced in the complaint, and

public records of which the Court may take judicial notice.  See Aruanno v. Mail, No. 07-3867, 2010 WL 2710564, at *5 (D.N.J. July 10, 2010;  Steinhardt Group Inc. v. Citicorp, 126 F.3d 144, 145 & n. 1 (3d Cir.1997);  Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 426-427 (3d Cir.1999).   Thus, the Court will consider the portions of Plaintiff's opposition papers that address legal arguments related to the facts pled in his Complaint and will not address the additional factual assertions set forth in Plaintiff's brief.

### A.   The Complaint

#### a.   Federal Claims:  Violations of HOEPA (Count III) and TILA (Count IV)

##### i.      Statute of Limitations

In the Complaint, Plaintiff asserts that Defendants' actions violated TILA and HOEPA. Specifically, Plaintiff alleges that the lender "misrepresented the amount financed on the Truth in Lending Statement (TIL)" and that Defendants "approved the refinance mortgage loan and extended credit to the Plaintiff solely based on the then-current equity and collateral in his home," violating HOEPA.  Compl. at ¶¶ 24, 28.  As such, Plaintiff seeks compensatory damages, punitive damages, statutory damages, and attorney's fees and costs.  See Compl. Counts III and IV.  In response, Defendants contend that Plaintiff's claims are barred by the respective statutes of limitations.  The Court agrees.

Damage claims under TILA and HOEPA are generally subject to one-year statute of limitation periods that commence from the consummation of the loan transaction.[3]  See 15

---

[3]      "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).

U.S.C. § 1640(e)(one-year statute of limitation for damage claims pursuant to TILA and

HOEPA).  In the instant matter, Plaintiff's closing occurred on October 13, 2006.  Thus, Plaintiff

had until October 13, 2007 to bring an action under either of these statutes.  Plaintiff, however,

did not file the Complaint against Defendants until July 2, 2010 and it was not served on moving

Defendants  until July 16, 2010 – more than three years after the statute of limitation period had

run on each of the above claims.  Thus, the Court finds that Plaintiff's causes of action under

TILA and HOEPA are time-barred.

Plaintiff, however, argues that the statute of limitations for his TILA and HOEPA claims

should be equitably tolled.  Equitable tolling freezes "the statute of limitations from running

when the date on which the claim accrued has already passed."  Lake v. Arnold, 232 F.3d 360,

370 (3d Cir. 2000).  The doctrine permits a court "to extend a statute of limitations on a case-by-

case basis to prevent inequity."  Colletti v. N.J. Transit Corp., 2002 WL 1769006 (3d Cir.

2002)(quoting Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000)).  Although the Third Circuit

cautions that the doctrine of equitable tolling must be sparingly used to "guard against possible

misuse," this caution should not enfeeble the primary function of the doctrine:  to "prevent a

party from profiting from its own wrongdoing."  Lake, 232 F.3d at 370 (citing Oshiyer v. Levin,

Fishbein, Sedran & Berman, 38 F.3d 1380, 1388 (3d Cir. 1994)).

Equitable tolling may be appropriate in three scenarios:  (1) when the defendant has

actively misled the plaintiff regarding the facts that comprise the plaintiff's cause of action; (2)

when the plaintiff, in some extraordinary way, has been prevented from asserting his or her

rights; or (3) when the plaintiff has timely asserted his or her right in the wrong forum.  See U.S.

v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)(quoting Kocian v. Getty Refinancing Mktg. Co.,

707 F.2d 748, 753 (3d Cir. 1983)).  Equitable tolling is therefore "appropriate in order to avoid

unjust results where there has been fraudulent concealment."  <u>Solar v. Millenium Fin., Inc.</u>, No.

01-4327, 2002 WL 1019047, at *2 (E.D.Pa. May 17, 2002).  Furthermore, to meet the standard

of equitable tolling, a plaintiff must demonstrate that he or she "exercised reasonable diligence in

investigating and bringing the claims."  <u>Miller v. New Jersey Dep't of Corrections</u>, 145 F.3d 616,

618-19 (3d Cir. 1998).

        In the instant motion, Plaintiff argues that the Court should equitably toll the statute of

limitations for his TILA and HOEPA claims since he did not become aware of the allegedly

fraudulent nature of the refinance loan until he "explored refinancing" in 2009; thus, Plaintiff

argues that the statute of limitations should not run until his discovery of the alleged fraud.

Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss the Complaint Pursuant to

FRCP 12(b)(6) at 14 ("Pl. Opp. at __.").  The Court does not agree.

        First, Plaintiff has not alleged that Defendants actively misled or prevented Plaintiff from

asserting his claim "in some extraordinary way."  Other than the unsupported assertion that

Plaintiff did not discover the allegedly illicit nature of the loan  until 2009, Plaintiff has neither

provided a reason for his untimely discovery, nor has he alleged anything that could conceivably

connect Defendants to his allegedly untimely discovery.  Moreover, Plaintiff has not set forth any

reason why he did not know, or could not discover, the alleged violations within the one-year

statute of limitations prescribed by law.  Indeed, the Complaint cites the loan documents signed

at the October 6, 2006 closing as the basis for all his claims against Defendants, <u>see</u> Compl. at  ¶¶

28-33, and the Court finds that there is no dispute as to whether Plaintiff was provided with the

proper documents at the closing.  Thus, Plaintiff has failed to identify any material information of

which he was not aware , nor with reasonable diligence, could have been made aware, that would permit the Court to equitably toll the statute.  Miller, 145 F.3d at 618, 619.

Finally, the Court notes that the mistaken forum exception does not apply because Plaintiff did not timely assert his claim, in the first instance, in any judicial forum.  Because Plaintiff has failed to provide any reason for tolling, the Court finds that Plaintiff is barred from asserting his claims under TILA and HOEPA as set forth in Counts III and IV.

ii.  *Claim for Damages and Rescission under HOEPA*

In addition to the claims made supra, Count III's HOEPA allegations against Defendants seek monetary damages, rescission, and /or reformation of the mortgage.  See Compl. ¶¶ 12-26. Although  HOEPA shares the same one-year statute of limitations period as TILA, HOEPA also has a three-year statute of limitations for rescission claims where a lender either "fails to provide a borrower with notice of the right to rescind or if the lender fails to make a material disclosure." Busse v. Homebank, LLC,  2:07-CV-03495, 2009 WL 424278, at *5 (D.N.J. Feb. 18, 2009). Material disclosures are defined as  "the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, [and] the payment schedule." 12 C.F.R § 225.23(2).  Initially, the Court notes that the Complaint does not allege that moving Defendants failed to provide Plaintiff with material disclosures, thus, the Court finds that Plaintiff has not properly pled a rescission claim under HOEPA.  However, even if Plaintiff had adequately alleged a rescission claim under HOEPA, the Court finds that any rescission claim is barred by the statute of limitations.  Specifically, Plaintiff closed on the refinance loan on October 13, 2006; thus, Plaintiff had until October 13, 2009 – or there years – to file a rescission claim.

Plaintiff did not bring the instant complaint until July 2010.   Thus, Plaintiff's request for rescission of the loan is barred by the statute of limitations.

### b. *Fraud Claims*

In Count I and II of the Complaint, Plaintiff alleges causes of action under common law fraud and the New Jersey Consumer Fraud Act.  Because each of these claims are fraud-based, Plaintiff is required to plead these claims with specificity under Fed. R. Civ. P. 9.  Indeed, it is well established that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

In Federico v. Home Depot, 507 F.3 188 (3d Cir. 2007), the Third Circuit elucidated Rule 9's heightened pleading standard, stating that

> [p]ursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'  To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.

Id. at 200 (internal citations omitted).  Indeed, the Third Circuit has advised that pursuant to Rule 9(b), at a minimum, a plaintiff must support allegations of fraud with all the essential factual background that would accompany " 'the first paragraph of any newspaper story'--that is, the 'who, what, when, where and how' of the events at issue."  In re Supreme Specialties, Inc. Sec. Litig., 438 F.3d 256, 276-77 (3d Cir. 2006)(citations omitted).  A complaint must do more than assert generalized facts, it must allege facts specific to the plaintiff.  Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658-59 (3d Cir. 1998)(where the complaint failed to allege

"what actually happened to either" of the plaintiffs, the complaint did not plead "fraud with the specificity required by Rule 9(b)"). This Plaintiff has failed to do.

To state a claim of common law fraud, a plaintiff must aver: (1) a material misrepresentation by the defendant; (2) that defendant knew the misrepresentation was false; (3) the intention that plaintiff would rely on the misrepresentation; (4) reasonable reliance by plaintiff; and (5) damages. Gennari v.Weichert Co. Realtors, 288 N.J. Super. 504, 541 (App. Div. 1996). Similarly, to state a prima facie case under the CFA, a plaintiff must demonstrate three elements: (1) unlawful conduct by the defendant;[4] (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss. Payan v. GreenPoint Mortg. Funding, Inc., 681 F. Supp.2d 564, 572 (D.N.J. 2010) (citing Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 964 A.2d 741, 749 (2009)). Regarding the second element, the plaintiff must show that he or she has "suffer[ed] a definite, certain and measurable loss, rather than one that is merely theoretical." Id.; see also Weinberg v. Sprint Corp., 173 N.J. 233, 801 A.2d 281, 283 (2002) ("[T]o have standing under the [CFA] a private party must plead a claim of ascertainable loss that is capable of surviving a motion for summary judgment."). Further, when the alleged misconduct consists of an omission, the plaintiff must also demonstrate the defendant's intent. See Cox v. Sears Roebuck & Co., 138 N.J. 2, 647 A.2d 454, 462 (1994).

---

[4]     The NJ CFA defines unlawful conduct as occurring when an "unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression or omission of any material fact . . . in connection with the sale or advertisement of any merchandise" is used.  N.J.S.A. 56:8-2.

At the outset, the Court notes that the only allegations that connect any of the moving Defendants to Plaintiff's loan are the allegations that SPS is the current servicer of the loan and that US Bank is the current owner of the residential mortgage loan.   Compl. ¶¶ 5,6.   Plaintiff has entirely failed to identify any alleged statements or misrepresentations made by any of  the moving Defendants to Plaintiff, and therefore, necessarily, has not alleged that Plaintiff relied on these statements or suffered any loss as a result of the alleged statements.   Indeed, the Complaint does not suggest that any of the moving Defendants were present or otherwise involved in the origination and closing of the refinanced loan and does not aver any wrongful conduct performed by the moving Defendants with respect to Plaintiff's refinanced loan, either during the application process, at origination and closing, or at any time thereafter.   In the absence of any allegations of fraud by the moving Defendants, let alone any allegations that meet the heightened pleading standard for fraud, and because Plaintiff has not specified any conduct on the party of any of the moving Defendants that could give rise to a cognizable claim for fraud or violation of the New Jersey CFA, the Court will dismiss these claims against the moving Defendants.

Moreover, to the extent that Plaintiff suggests that there is some agency relationship among the moving Defendants that would give rise to liability, the Court does not agree. Plaintiffs' complaint is devoid of any facts demonstrating that an agency relationship existed between Saypol, PMC and any of moving Defendants. Thus, plaintiffs fail to specify how and why moving Defendants may be accountable for actions allegedly committed by other Defendants.  See Garczynski v. Countrywide Home Loans, Inc., 656 F.Supp.2d 505, 512 (E.D. Pa.2009) (finding that plaintiffs alleged no facts sufficient to support claim that mortgage broker was agent of lender).

## II.    CONCLUSION

For the foregoing reasons, all claims are dismissed against SPS, Credit Suisse and US Bank.

An appropriate Order shall follow.


Dated:  February 14, 2011                    /s/      Freda L. Wolfson

                                             Freda L. Wolfson, U.S.D.J.

13